**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4073-19

L'ORÉAL USA, INC.,

 Plaintiff-Appellant,

WORMSER CORPORATION
and PROCESS TECHNOLOGIES
AND PACKAGING, LLC,

 Defendants-Respondents.

_____

Submitted March 15, 2021 – Decided March 31, 2021

Before Judges Sabatino and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6069-19.

K&L Gates LLP, attorneys for appellant (Anthony P. La Rocco and Charles F. Rysavy, on the briefs).

Kagen, Casperen & Bogart PLLC, attorneys for respondent Wormser Corporation (Joshua C. Gillette, on the brief).

Dughi, Hewit & Domalewski, PC, attorneys for respondent Process Technologies and Packaging, LLC (Russell L. Hewit, on the brief).

PER CURIAM

This appeal involves an exceedingly narrow issue concerning whether the Law Division erred by inserting "with prejudice" language into an order dismissing a complaint for lack of subject matter jurisdiction because plaintiff filed suit in the wrong state. For the reasons that follow, we affirm the complaint's dismissal but modify the trial court's order to specify that the dismissal is without prejudice, in accordance with Rule 4:37-2(d).

This procedural tangle arises out of a forum selection clause designating jurisdiction in plaintiff's home state of New York. The pertinent circumstances can be succinctly stated.

Plaintiff L'Oréal USA, Inc. ("L'Oréal") entered into a contract with defendant Wormser Corporation ("Wormser") to develop a new cosmetic product called "Confidence in a Foundation™." Wormser, in turn, utilized a subcontractor company in which it owns a minority interest, Process Technologies and Packaging, LLC ("Process Tech") to perform the contract. After customers complained about the product, L'Oréal pulled it from the market.

A forum selection clause in Paragraph 16 of the contract between L'Oréal and Wormser specified that any litigation of disputes under that contract must be brought in "the city where [L'Oréal's] registered address is," i.e., New York

City. Despite that provision, L'Oréal filed suit against defendants Wormser and Process Tech three times in this state: (1) a July 2019 complaint in the United States District Court (which L'Oréal soon voluntarily withdrew); (2) an August 2019 complaint in the Law Division in Bergen County, and (3) an amended complaint in the Law Division of that same county.

Citing L'Oréal's forum selection clause, Wormser and Process Tech moved to dismiss the Law Division action for lack of subject matter jurisdiction, arguing that the case should have been filed in New York.

In a series of orders dated May 13, 2020, May 29, 2020, and June 5, 2020, the Law Division dismissed the New Jersey complaint as to both defendants for lack of subject matter jurisdiction. In the May 13, 2020 order, the trial court granted Wormser's motion to dismiss "with prejudice." All three parties thereafter joined in a letter advising the judge that they consented to having the May 13, 2020 order amended to apply to both Wormser and Process Tech's motions to dismiss and the order revised to simply say the case was dismissed "without prejudice." The trial judge did not adopt this proposal and instead, in its May 29, 2020 order, granted Process Tech's motion to dismiss and, sua sponte, inserted language dismissing the Law Division complaint "with prejudice for the action being brought within the state courts of New Jersey." The trial court also denied plaintiff's motion to amend the May 13, 2020 order

in its June 5, 2020 order and asserted the denied order "is [dismissed] with prejudice within the jurisdiction of New Jersey."

This appeal ensued. Meanwhile, L'Oréal has filed a duplicate action against defendants in the New York state courts. Defendants have moved to dismiss that lawsuit. We have been advised by an update letter from counsel that the motion to dismiss is scheduled to be orally argued before the New York court in mid-May.

Rule 4:37-2(d) clearly instructs that: "Unless the order of dismissal otherwise specifies, a dismissal under R. 4:37-2(b) or (c) and any dismissal not specifically provided for by R. 4:37, other than a dismissal for lack of jurisdiction, operates as an adjudication on the merits." (Emphasis added). A dismissal for lack of subject matter jurisdiction due to a forum selection clause requiring suit to be brought in some other jurisdiction is not an adjudication on the merits. See Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 596 (1991) (noting that enforcement of a forum selection clause "allows for judicial resolution of claims against [the defendant]" in the designated forum). The dismissal on that procedural basis is not a determination "on the merits." Velasquez v. Franz, 123 N.J. 498, 505-06 (1991) (explaining that the preclusionary doctrine of res judicata requires, among other things, a final judgment in the earlier action rendered "on the merits").

We discern no reasonable basis for the trial court to have specified in the dismissal order in this case that it was "with prejudice" as to any further litigation in New Jersey. Although it is puzzling why L'Oréal's counsel filed three successive complaints in this state in contravention of the forum selection clause, the language injected by the court was inconsistent with Rule 4:37-2(d) and inappropriate. In the unlikely event that L'Oréal filed a fourth complaint in this state, we presume defendants would readily invoke the entire controversy doctrine to repel it. See R. 4:30A; DiTrolio v. Antiles, 142 N.J. 253, 267 (1995).

The trial court's orders of dismissal are affirmed, with the following modifications. The May 13, 2020 order shall be revised to replace the phrase "with prejudice" to "without prejudice." The May 29, 2020 order shall be revised to replace the phrase "with prejudice for the action being brought within the state courts of New Jersey" with the phrase "without prejudice." Our judicial colleagues in the New York courts now may be guided accordingly. The trial court shall issue implementing orders consistent with this opinion within ten days.

Affirmed, as modified.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4073-19

5